And we'll move to our second case this morning, Britkovyy v. Mayorkas. Ms. McClure. May it please the court. Good morning, Your Honor. My name is Lauren McClure and I represent the appellant, Ilya Britkovyy. Mr. Britkovyy is a citizen and national of Ukraine who entered the United States 22 years ago. He's married to a U.S. citizen and applied for his green card with U.S. Citizenship and Immigration Services in 2009. In 2012, Mr. Britkovyy's case was denied by the agency. This case focuses on the legal determination made by the agency that Mr. Britkovyy is permanently inadmissible and ineligible for his green card because he allegedly made a false claim to U.S. citizenship when he entered the country. Here, the record shows that Mr. Britkovyy did not falsely claim to be a U.S. citizen and the agency's decision ignored substantial and significant evidence in doing so, committed legal error. Ms. McClure, before we go into the merits, I want to talk about Patel. Of course. Patel came down from the Supreme Court after the briefing was submitted here and a Rule 28J letter and your response were both filed with the court regarding it and Patel, of course, places jurisdictional bars on the court addressing factual findings and discretionary decisions. Your main response in the 28J letter was Patel shouldn't apply here because it would violate the law of the case because the government previously agreed when it was appealed the first time that there was jurisdiction and the case was by joint motion granted and revanded. But jurisdiction can't be waived or something that's agreed to. It's something the court has to determine independently. So how do you get around Patel other than it's the law of the case because that doesn't work with jurisdiction? Yes, Your Honor, and that was one of our arguments. Unfortunately, we didn't have a lot of room to sufficiently argue. Now's your chance. Yes, so now I'm ready. Patel doesn't apply as broadly as the police suggest in their letter. The court found in that case a very narrow holding, as you just stated. It precluded judicial review of factual findings for denial of relief in removal proceedings. The court expressly denied reaching decisions made by the agency and the court expressly declined to discuss those questions of law and constitutional claims. This case involves a question of law because the agency committed legal error when it ignored evidence in denying Mr. Brikhove's case. There's another argument because Mr. Brikhove is an arriving alien. There are many noncitizens who are, under the Immigration Act, are uneligible and ineligible for review by an immigration judge in removal proceedings. So if the court were to apply Patel in this case, then there would be no review for individuals like Mr. Brikhove, individuals such as refugees, asylees, victims of crimes, because those decisions are not reviewable by an immigration judge. And so if this court applies Patel in this case, then Mr. Brikhove and others like him would be bound by a decision from a single low-level officer from the agency where no supervisory review is required and there's no appeal as an option. Do you believe Congress could authorize that? Could authorize what, Your Honor? The outcome that you just described. I think Congress already did. I think the statute explicitly precludes only judicial review of factual findings. I think that Congress specifically didn't outline that it precluded questions of law and constitutional claims. So review in those cases where there's questions of law or constitutional claims should be able to be reviewed by the court. And when you think about the statute there, do you have in mind A to capital D? That would be one, but in Patel, the court was dealing with A to B, Your Honor, and it only found in that matter. So if you focus on the exact statutory language in A to B, I, can you restate your argument in terms of the statutory text? That's where I have difficulty with it. I understand, Your Honor, because of the discretionary decision language. You bet. Yes, but the decision to deny adjustment of status application is discretionary, but the agency doesn't have discretion to ignore evidence in making that determination. The agency doesn't have discretion to ignore the statutory factors that underline an adjustment of status application. They have to determine whether an individual is admissible or not, and in doing so they have to look to the factors outlined in the statute. So while their ultimate decision may be discretionary, they're not permitted to commit legal error by ignoring evidence, and they're not permitted to commit legal error by not analyzing the statute properly and making that decision. So that's why I'm saying a question of law in a case like that is reviewable by the court because it's just not a question of law. And that was what I believe. Can I ask you a follow-up? Of course. Okay. Nor, though, would you say ordinarily that an agency can commit clear error with factual findings. So, in other words, if in some other context we looked at a particular fact and we said that finding is clearly erroneous and said that's a legal error, you can't do that. Yes. But if you read Patel as kind of limited to facts, I think the concern that I have is you can just easily kind of translate it into, well, there's no judicial review of fact-finding even if that fact-finding can be shown to be clearly erroneous. Yeah, and I understand that, Your Honor, and that's the problem that I have with Patel as well. But I think this court can frame it as questions of law are still open for review and find that Patel is limited only to factual findings. I believe that the court should have review over clear error of factual findings, but obviously the Supreme Court felt differently when it found that in Patel. But I don't believe the Patel ruling encompasses a case like this or similar cases otherwise. And I think that, you know, Mr. Bracovia's case stands apart because of the federal regulation that prohibits him from review before an immigration judge. I do believe that was part of the Patel case, that the immigration judge was the one who was able to review the adjustment of status denial, and so therefore Mr. Patel had review of that decision, and that decision by the immigration judge was able to be appealed to another court, the Board of Immigration Appeals. In this case, if Mr. Bracovia's—if Patel is applied to Mr. Bracovia's case, the decision from the agency is not appealable, and if you find the court can't review it, he can't have any review in any forum at all. And because the agency— So what's—I totally get the policy concern with that. What's the legal problem with it? Is that unconstitutional? The legal problem—well, I mean, that could be an argument. I mean, my problem, and what I'm arguing, is that the agency cannot commit legal error in looking at questions of law for a case, and that's what I'm arguing is happening in this case. The reservation for questions of law, judicial review for questions of law, and constitutional questions are for removal proceedings, not generic proceedings before the immigration agency. Well, that's what the— For adjustment of status. Right, and that was the question in Patel, was dealing with removal proceedings. Right. Right. Your argument, it seems to me, as you're making it right now on the fly, because this was all in a Rule 28J letter, is that we should import the statutory reservation of questions of law and constitutional questions in the removal context into APA review of the U.C. Yes, yes, somewhat, but I also think that there's a separate basis under the Administrative Procedure Act for the court to review, and this court's always held that. There's significant precedent from this court that questions of law like this are reviewable in the agency context. This isn't something new the court has to address. Well, generally, when there's no jurisdiction stripping provision. Right, but the statute specifically in Patel stated regarding removal proceedings, which isn't applicable to this case, because Mr. Brikhove doesn't have review in removal proceedings. His case was—the decision in the case was made by the agency. So back to Judge Scudder's question to you about the text. Yes. How do you get around that? So I think you get around that because it's not— because the text specifically says discretionary decisions by the agency. And my argument is that while the ultimate decision might be discretionary, there is still a legal determination they have to make in making that decision. There is a statute that outlines all the requirements for a green card application, including what this case is about, which is whether Mr. Brikhove is admissible for making a false claim to U.S. citizenship. The Supreme Court's interpretation in Patel of the jurisdiction stripping provision and the meaning of the term judgment in that provision is very broad. It's not a narrow interpretation. It says judgment is understood in this context in its broadest sense to encompass all subsidiary decisions that are embedded in that decision. And then there's a statutory carve-out for questions of law and constitutional questions in the removal context. That's the way to get review of those, which leaves true inference like your client without judicial review, but that's just a consequence of the straightforward reading of the statutory text as the Supreme Court has now interpreted it. But the statutory text also says removal proceedings for the factual findings as well and the discretionary determination. So that's where I think the distinction can be drawn because the court in that case only dealt with that particular subsection of the statute, A2B, which specifically states removal proceedings. This case is different. No, it says regardless of whether the judgment decision or action is made in a removal proceeding. But the court later on then says that they're not actually making a finding on whether that applies to agency decisions. I understand the court didn't decide more than was necessary to decide in that case. I'm just taking the court's interpretation of the statutory provision, which is not exclusive on its face to removal proceedings, except for the carve-out for questions of law and constitutional questions and applying it in this context, which was anticipated by the parties, the amicus, and the court. So now we're here. Yeah, I would just urge the court not to expand the holding. I think if the court were to interpret it and put the interpretation that you're explaining now to this case, the court would be essentially expanding the holding from Patel. And the policy arguments I made earlier I think are really strong ones. The court has historically held that there is review in cases where questions of law exist and legal error exists made by the agency, both in the context of removal proceedings, but especially in the context of the type of case before you right now, which is a decision by a U.S. CIS officer. And I see that I'm out of time, unfortunately. If the court would like supplemental briefing on the matter, since I wasn't able to address some of these specific issues, I would be happy to provide that. Thank you. Thank you. Ms. Shatila. Good morning, Your Honors, and may it please the court, Hannah Shatila for the United States. In light of the Supreme Court's recent decision in Patel v. Garland, the government's position is that this court now lacks jurisdiction to review any part of the agency's denial of appellant's adjustment of status applications. Based on that intervening case law, the government requests that this court dismiss this case for lack of jurisdiction. The Supreme Court held in Patel that the jurisdictional bar at 8 U.S.C. 1252, A2B1, precludes federal courts from review of any judgment. And as Your Honor stated earlier, that Supreme Court holding is broad because the Supreme Court focused on the definition of judgment in the statute. And there's no way around the text of the statute where the word judgment was defined to mean any and all decisions relating to the granting or denying of relief under A2B1. And here, appellant is... And the word any is important, too, right? Because in Patel, I totally get that both cases, they travel different procedural paths into a court. Yes, Your Honor. But the any judgment language, that's what I was asking. I don't know how it doesn't extend to a judgment reached by U.S.C.I.S. Yes, Your Honor, you're correct. The Supreme Court defined the word any to mean judgments of whatever kind under 1255. And contrary to opposing counsel's argument, that's not just factual findings. That includes discretionary factual determinations, any judgment under this statute. The Patel court addressed adjustment decisions in the context of removal because that was the case before it. But the Supreme Court acknowledged that U.S.C.I.S. decisions like the one here exist and strongly suggested that this jurisdictional bar extends to these decisions. The reasoning in Patel is incredibly persuasive and applicable here for the reasons we outlined in our 28J letter, which are, first, the plain text of the statute itself states clearly that the bar applies regardless of whether the judgment decisions or actions are made in removal proceedings. And adjustment decisions that aren't made in removal proceedings are the ones that are made by U.S.C.I.S. That's what the statute is contemplating. And all courts, including this one, have always applied A2B1 to U.S.C.I.S. decisions. Prior to Patel, there was a distinction between discretionary and eligibility determinations in the application of that statute. But the Supreme Court made clear in Patel that the text is broad and that Congress intended to preclude review of any judgment. And even though appellant here's argument is that he's an arriving alien and he cannot renew his application in immigration proceedings, that's a policy consideration that the Supreme Court grappled with as well. And it considered the consequence that its holding would perhaps fully insulate decisions like U.S.C.I.S.'s decision here from judicial review. But even so, the court emphasized that policy considerations do not trump the statutory text. And here, Congress is clear in the language of the statute that it applies to any judgment. And perhaps any distinction between the classes of non-citizens reflects Congress' choice to provide reduced procedural protections in the context of discretionary relief. Has any other circuit addressed the application of Patel to U.S.C.I.S. decisions other than the Ninth Circuit? Not to my knowledge at this time, Your Honor. No. I'd also like to address opposing counsel's statement as far as the argument that this is a question of law and that somehow it is preserved and there is a jurisdictional avenue there. While the Supreme Court did discuss this in Patel and how there is subparagraph D in the section that provides a limited jurisdictional avenue that is in the context of removal proceedings. Congress did not choose to provide that procedural protection to U.S.C.I.S. decisions. So that is inapplicable here. But even if appellant could renew his application in immigration court, he would be in the same circumstance as the petitioner in Patel who is challenging a false claim determination. And the Supreme Court held that that is a factual determination that is barred from review. So even if appellant could renew his application in immigration court, he would be in the same outcome here. But either way, again, those policy considerations don't trump the statutory text and the reasoning in Patel is incredibly persuasive and applicable here. If your honors have no further questions, the government requests that this court apply Patel and dismiss this case for lack of jurisdiction. Are you aware of any other cases raising Patel's applicability to U.S.C.I.S. decisions that are pending before other courts of appeals? Your Honor, I know that this has been raised in other courts around the country. I'm not sure exactly where though. Yeah. I mean, it makes sense that this would be the follow-on question. And I'm just trying to assess where we are in the queue. I think this may be one of the first ones, Your Honor. I'm not aware of any decisions that have been issued yet. No decisions, but no pending cases that have been argued so far. As far as cases that have been argued, I'm not aware of any, but I know that there have been supplemental briefs filed in cases around the country. I don't have that exact information before me, but I'm happy to provide that in a supplemental brief. Thank you. Thank you, Your Honor. You used all your time, Ms. McClure, but this was more than a 10-minute argument. So if you'd like a couple of minutes in rebuttal based on what the government argued. Yes, Your Honor. I would just again request the opportunity to provide supplemental briefing. I think the issue was a little more expansive than we're able to cover today. I do just want to reiterate that I do think that the Patel holding specifically focused on removal proceedings. And so this case and others like it, where it involves an agency decision isn't expressly included in that decision. And I would request that the court not expand the interpretation of that to apply to agency decisions in that way. If the court doesn't have other questions about the merits of the case, then I'm happy again to address this in supplemental briefing. And I thank you for your time. All right. Thanks very much. We will let you know about supplemental briefs. Okay. Thank you, Your Honor. All right. Thanks to both counsel. The case is taken under advisement.